UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

## LAURELS OF FALLSBURG LLC,

Case No. 25-35887 (KYP)

Alleged Debtor.

- and -

## 651 LAKES LLC,

Case No. 25-35891 (KYP)

Alleged Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## PETITIONING CREDITOR'S MEMORANDUM OF LAW

## IN RESPONSE TO ORDER TO SHOW CAUSE

Israel Meir Farkash

Petitioning Creditor Pro Se

9 Ramsey Terrace

Fair Lawn, New Jersey 07410

Telephone: (718) 669-1991

Email: israel@ifarkash.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................3
STATEMENT OF FACTS ................................................................................................4
ARGUMENT .....................................................................................................................6

**I. THE COURT SHOULD DENY THE ORDER TO SHOW CAUSE ........................6**
    A. Service Was Timely and Proper ........................................................................7
    B. The Delayed Filing Was a Clerical Error, Not Want of Prosecution.....................7
    C. The Alleged Debtors Have Defaulted ................................................................9

**II. THE COURT SHOULD GRANT A BRIEF CONTINUANCE..............................9**
CONCLUSION.................................................................................................................11

# TABLE OF AUTHORITIES

## Cases

Goldberg v. Kelly, 397 U.S. 254 (1970)..........................................................................13
In re BGD Props., LLC, 407 B.R. 588 (Bankr. W.D. Tex. 2009) ......................................9
In re Cimmiyotti, 297 B.R. 606 (Bankr. S.D.N.Y. 2003)....................................................8
In re Lough, 57 B.R. 993 (Bankr. E.D. Mich. 1986).......................................................11
In re Lull, 386 B.R. 261 (B.A.P. 9th Cir. 2008) ................................................................7
In re Midwest Athletic Club, Ltd., 161 B.R. 629 (Bankr. E.D. Wis. 1993) ......................9
In re Paolino, 75 B.R. 334 (B.A.P. 9th Cir. 1987)............................................................7
In re Pettit Oil Co., 101 B.R. 889 (Bankr. C.D. Cal. 1989)............................................11
In re Rimsat, Ltd., 212 F.3d 1039 (7th Cir. 2000)............................................................7
In re Texlon Corp., 596 F.2d 1092 (2d Cir. 1979)..........................................................12
In re Vebeliunas, 332 F.3d 85 (2d Cir. 2003) ...................................................................9
Ungar v. Sarafite, 376 U.S. 575 (1964) ..........................................................................12

## Statutes and Rules

11 U.S.C. § 303(h) .............................................................................6, 10, 11, 14
11 U.S.C. § 303(j) .............................................................................................6, 7
Fed. R. Bankr. P. 1010(a) ............................................................................7, 8, 14
Fed. R. Bankr. P. 1011(b) ....................................................................................11
Fed. R. Bankr. P. 9006(b) ....................................................................................12
Fed. R. Civ. P. 4(l)(1) ............................................................................................8
Fed. R. Civ. P. 6(b) .............................................................................................12

# PRELIMINARY STATEMENT

Israel Meir Farkash respectfully submits this memorandum in response to the Court's October 21, 2025 Order to Show Cause and in support of his request for a continuance. The Order directs him to show cause why these involuntary cases should not be dismissed for failure to prosecute. He also asks the Court to continue the November 4 hearing because he's scheduled for surgery the day before.

The central question is straightforward: did the petitioning creditor timely serve the involuntary petitions? The answer is yes. Service happened on August 21 and 22, 2025—three to four days before the deadline. The process server's notarized affidavits prove it. What didn't happen on time was filing those affidavits with the Court, and that was because of a clerical mistake, not any lack of diligence.

Here's what actually occurred. The petitions were filed August 18. The summons issued the same day. Within 24 hours, I hired a process server. He served Laurels of Fallsburg on August 21 and 651 Lakes on August 22—both well within the seven-day window. He gave me the notarized affidavits. I told my secretary to file them with the Court along with the filing fee.

On September 17, my secretary mailed documents to the Court by certified mail. But she attached the wrong papers to the money order. I trusted that she'd done it correctly and had no reason to think otherwise until the Order to Show Cause arrived. As soon as I learned about the problem, I filed the affidavits immediately.

The case law distinguishes clearly between the act of service and the ministerial task of filing proof. In re Vebeliunas, 332 F.3d 85, 92 (2d Cir. 2003). Service was

accomplished. The filing was just documentation of something that had already happened. Missing that filing deadline doesn't constitute want of prosecution, especially when the error gets corrected right away and nobody's been prejudiced.

There's another wrinkle here: both alleged debtors have defaulted. Neither filed an answer. Neither sought an extension. Rule 1011(b) gave them 21 days to respond after service. That deadline passed in mid-September. When a petition isn't timely controverted, Section 303(h) says the court "shall" order relief. That's mandatory language. Rather than dismissing these cases on a technicality that's been fixed, the Court should enter the relief the statute requires.

I'm also asking for a two- to three-week continuance. I'm having medically necessary surgery on November 3—the day before the hearing. My doctor says I'll need a minimum of three days to recover before I can get back to normal activities, which includes appearing in court. I'll still be dealing with anesthesia and post-surgical pain on November 4. I'm appearing pro se, so I can't send someone else. The alleged debtors haven't shown any interest in these proceedings, so a short delay won't hurt them. But denying me the chance to be heard would violate my constitutional rights.

## STATEMENT OF FACTS

I filed involuntary petitions against Laurels of Fallsburg LLC and 651 Lakes LLC on August 18, 2025. The Court issued summonses the same day. The summonses required service within seven days under Rule 1010(a), which meant everything had to be done by August 25.

I immediately retained a professional process server. He served Laurels on August 21 at 68 Forest Road, Monroe, New York. He handed the papers directly to Joseph Mendelovich, who identified himself as the owner and said he was authorized to accept service. That's proper service under Rule 7004(b)(3). For 651 Lakes, the server went to 651 Lakes Road in Monroe on August 22 and served the papers there. Both affidavits of service are attached as Exhibits A and B.

After the process server finished, he prepared notarized affidavits for both services. I got those affidavits from him. I then instructed my secretary to file them with the Court along with the filing fee. On September 17, she sent documents to the Court's address at One Bowling Green by certified mail, tracking number 9546215620725260495996. The USPS receipt is attached as Exhibit D.

Unfortunately, my secretary made a mistake. She attached the wrong documents to the money order she mailed to the Court. I had no idea this happened. I reasonably believed she'd filed everything correctly because that's what she told me she was doing. I only learned about the error when I received the Court's October 21 Order to Show Cause.

I filed the affidavits immediately after discovering the problem. I also implemented new procedures to prevent similar errors going forward. The bottom line is that service happened on time. The filing of proof was just delayed because of an honest clerical mistake that got fixed as soon as I knew about it.

Meanwhile, neither alleged debtor has done anything. Rule 1011(b) required them to file an answer or other response within 21 days after service. For Laurels, that meant September 11. For 651 Lakes, September 12. Neither filed anything. Neither sought more

time. More than two months have passed since service, and the Court hasn't heard a peep from either of them.

Now I need to address a scheduling conflict. I have surgery scheduled for November 3, 2025—the day before this hearing. The medical issue requires immediate attention. My doctor has confirmed that I'll need at least three days of rest after the procedure before I can resume normal activities. On November 4, I'll be recovering from anesthesia, managing post-surgical pain, and physically unable to travel to court or participate meaningfully in a hearing. Medical documentation is available if the Court wants it, filed under seal to protect my privacy.

## ARGUMENT

## I. THE COURT SHOULD DENY THE ORDER TO SHOW CAUSE

Section 303(j) allows the Court to dismiss an involuntary case "at any time" for "want of prosecution." 11 U.S.C. § 303(j). But dismissal isn't automatic, and it's not warranted here. Courts look at whether the petitioning creditor took reasonable steps to move the case forward and whether delays hurt anyone or undermined the judicial process. See In re Rimsat, Ltd., 212 F.3d 1039, 1044 (7th Cir. 2000); In re Lull, 386 B.R. 261, 265 (B.A.P. 9th Cir. 2008). Technical or ministerial errors don't equal want of prosecution when the creditor has otherwise been diligent. In re Paolino, 75 B.R. 334, 337 (B.A.P. 9th Cir. 1987).

I've been diligent at every turn. I filed the petitions. I hired a process server immediately. Service happened ahead of schedule. I gave clear instructions to file the affidavits. When I discovered the clerical error, I fixed it right away. Neither alleged debtor

has been prejudiced—they got actual notice over two months ago and chose not to respond. There's been no want of prosecution.

## A. Service Was Timely and Proper

Rule 1010(a) required service within seven days of when the summonses issued. Both summonses issued August 18, making August 25 the deadline. Service on Laurels happened August 21. Service on 651 Lakes happened August 22. Both were three to four days early.

The affidavits prove it. Under Rule 4(l)(1) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7004(a), a process server's affidavit constitutes proof of service and creates a rebuttable presumption that service was proper. In re Cimmiyotti, 297 B.R. 606, 610 (Bankr. S.D.N.Y. 2003). For Laurels, the server personally delivered the papers to Joseph Mendelovich, who said he was the owner and authorized to accept service. That's textbook Rule 7004(b)(3) service. For 651 Lakes, same thing—personal delivery at the company's address. Neither alleged debtor has challenged service or claimed they didn't get notice.

The affidavits are notarized. They're dated. They describe exactly what happened and when. Nobody's contradicted them. Service was accomplished well before the deadline.

## B. The Delayed Filing Was a Clerical Error, Not Want of Prosecution

Filing proof of service is a ministerial act. It documents something that already happened. It doesn't make service valid—the service itself does that. The Second Circuit explained this clearly in In re Vebeliunas, 332 F.3d 85, 92 (2d Cir. 2003), distinguishing between substantive service requirements and the ministerial task of filing documentation afterward.

Courts have repeatedly held that failing to file proof doesn't equal failing to serve. "The failure to file proof of service ... is not the same as the failure to serve." In re BGD Props., LLC, 407 B.R. 588, 594 (Bankr. W.D. Tex. 2009). Technical filing problems don't invalidate service that was actually accomplished. In re Midwest Athletic Club, Ltd., 161 B.R. 629, 631 (Bankr. E.D. Wis. 1993).

The substantive requirement—timely service—was satisfied. I hired a process server right away. Service happened within days, well ahead of the deadline. The server executed the required affidavits. I told my secretary to file them along with the fee. On September 17, she mailed documents to the Court by certified mail. The USPS receipt (Exhibit D) proves she sent something to the right address.

But she made a mistake and attached the wrong documents. I didn't know. I reasonably relied on her telling me she'd take care of it. I only found out when the Order to Show Cause arrived, and I filed the affidavits immediately.

This is exactly the kind of inadvertent clerical error that doesn't constitute want of prosecution. I've been proactive throughout. I've taken steps to prevent similar errors in the future. The alleged debtors aren't prejudiced—they've had actual notice for over two

months and haven't lifted a finger. Dismissing these cases for a corrected ministerial filing error would be putting form over substance.

## C. The Alleged Debtors Have Defaulted

Section 303(h) says: "If the petition is not timely controverted, the court shall order relief." 11 U.S.C. § 303(h) (emphasis added). "Shall" is mandatory, not discretionary. In re Lough, 57 B.R. 993, 995 (Bankr. E.D. Mich. 1986). Rule 1011(b) requires alleged debtors to respond within 21 days after service. Both were served in late August, making their deadline mid-September. We're now in late October. Neither has filed anything.

When an involuntary petition goes uncontroverted, the Court's duty under Section 303(h) becomes clear: order relief. The statute doesn't give the Court discretion here. In re Pettit Oil Co., 101 B.R. 889, 893 (Bankr. C.D. Cal. 1989). The alleged debtors have had every opportunity to defend themselves. Their silence speaks volumes—either they accept the inevitable or they're strategically disengaged. Either way, dismissing the cases now would reward their inaction and disregard the statute's plain language.

## II. THE COURT SHOULD GRANT A BRIEF CONTINUANCE

Federal Rule of Civil Procedure 6(b), applicable here through Bankruptcy Rule 9006(b), gives courts authority to extend time for good cause. Courts have inherent power to grant continuances to ensure fair proceedings. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). Whether to grant a continuance is discretionary, turning on the specific circumstances. In re Texlon Corp., 596 F.2d 1092, 1098 (2d Cir. 1979). Courts consider:

(1) whether there's good cause, (2) whether the other side would be prejudiced, (3) whether a continuance serves justice, and (4) whether the delay is reasonable.

All four factors weigh in my favor. First, good cause clearly exists. I'm scheduled for surgery November 3, the day before this hearing. The medical issue can't be safely postponed—delaying it would cause increasing pain and worsening of the condition. My doctor has confirmed I'll need a minimum of three days to recover before resuming normal activities, including court appearances. (Medical records available upon request, filed under seal.) This isn't a scheduling preference or convenience issue. It's a genuine medical necessity completely beyond my control.

Second, the alleged debtors won't be prejudiced. They've known about these proceedings for over two months and haven't participated at all. A two- to three-week delay won't affect their rights or interests in any meaningful way.

Third, a continuance obviously serves justice. I have a constitutional right to be heard—a core element of due process. Goldberg v. Kelly, 397 U.S. 254, 267 (1970). I'm appearing pro se, so I can't send substitute counsel. Being physically unable to appear because of surgery scheduled for the day before the hearing would effectively deny me this constitutional right. A brief continuance fixes that problem.

Fourth, the delay is modest—just two to three weeks for post-surgical recovery. That's not going to slow down case administration or hurt anyone. It's the minimum time needed to ensure I can actually participate in the hearing.

## CONCLUSION

The facts are straightforward. Service happened August 21 and 22, well before the deadline. The notarized affidavits prove it. The delayed filing resulted from a clerical error that's been corrected. I've been diligent throughout. The alleged debtors got notice over two months ago and filed nothing. Section 303(h) says the Court "shall" order relief when a petition isn't timely controverted. Rather than dismissing these cases on a procedural technicality that's been fixed, the Court should deny the Order to Show Cause and enter the relief the statute requires.

I also have good cause for a continuance. Surgery is scheduled for November 3. My doctor says I'll need at least three days before I can get back to normal activities. I have a constitutional right to be heard that can't be cut short by circumstances beyond my control. The alleged debtors, who've shown zero interest in these proceedings, won't be hurt by a short delay.

For these reasons, and based on the sworn affidavits (Exhibits A and B), the certified mail receipt showing my good faith filing effort (Exhibit D), and the medical necessity for a brief continuance, I respectfully ask the Court to:

**1.** Deny the Order to Show Cause and decline to dismiss these involuntary cases;

**2.** Grant a continuance and reschedule the hearing for a date approximately two to three weeks out, giving me time to recover from surgery and appear personally;

**3.** Alternatively, if the Court is satisfied based on the written submissions and evidence that dismissal isn't warranted, deny the Order to Show Cause without requiring my personal appearance;

**4.** Note that the alleged debtors' deadline to respond under Rule 1011(b) passed in mid-September and neither filed anything; and

**5.** Enter an order for relief in both cases pursuant to Section 303(h), since the alleged debtors failed to timely controvert the petitions.

Dated: November 2, 2025

Fair Lawn, New Jersey

Respectfully submitted,

/s/ Israel Meir Farkash

Israel Meir Farkash

Petitioning Creditor Pro Se

9 Ramsey Terrace

Fair Lawn, New Jersey 07410

Telephone: (718) 669-1991

Email: israel@ifarkash.com

# EXHIBIT LIST

The following exhibits are attached in support of this memorandum and the accompanying declaration:

**EXHIBIT A:**

> Affidavit of Service executed by the process server on August 21, 2025, showing personal service of the involuntary petition on Laurels of Fallsburg LLC at 68 Forest Road, Monroe, New York 10950.

**EXHIBIT B:**

> Affidavit of Service executed by the process server on August 22, 2025, showing personal service of the involuntary petition on 651 Lakes LLC at 651 Lakes Road, Monroe, New York 10950.

**EXHIBIT D:**

> United States Postal Service Certified Mail Receipt, tracking number 9546215620725260495996, dated September 17, 2025, showing mailing to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004, with the filing fee enclosed. This receipt proves my good faith effort to file the affidavits of service on September 17, 2025.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

## LAURELS OF FALLSBURG LLC,

Case No. 25-35887 (KYP)

Alleged Debtor.


- and -


## 651 LAKES LLC,

Case No. 25-35891 (KYP)

Alleged Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## DECLARATION OF ISRAEL MEIR FARKASH


I, Israel Meir Farkash, declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

1. I'm the petitioning creditor in these involuntary bankruptcy cases and I'm appearing pro se. Everything in this declaration is based on my personal knowledge. If I were called as a witness, I could and would testify to the truth of these facts.

2. I'm submitting this declaration in support of my request for a continuance of the November 4, 2025 hearing at 10:00 a.m.

**3.** I filed involuntary petitions against Laurels of Fallsburg LLC and 651 Lakes LLC on August 18, 2025. The Court issued summonses the same day. I immediately hired a professional process server to serve the petitions within the seven-day deadline required by Rule 1010(a). The process server served Laurels on August 21, 2025 and 651 Lakes on August 22, 2025—both well ahead of the August 25 deadline.

**4.** After the process server completed service, he provided me with notarized affidavits for both services. I instructed my secretary to file these affidavits with the Court along with the filing fee. On September 17, 2025, my secretary mailed documents to the Court by certified mail, tracking number 9546215620725260495996, as shown on Exhibit D. However, my secretary inadvertently attached incorrect documents to the money order. I reasonably believed she had filed everything correctly because that's what she told me she was doing. I only discovered the error when I received the Court's October 21 Order to Show Cause. I immediately filed the correct affidavits as soon as I learned about the mistake.

**5.** I have medically necessary surgery scheduled for November 3, 2025—the day before the hearing. My doctor has confirmed that after the surgical procedure, I'll need a minimum of three days of rest and recovery before I can resume normal activities, including work or court appearances. On November 4, I'll be recovering from anesthesia, experiencing post-surgical pain, and physically unable to travel to court or participate meaningfully in the hearing. Medical documentation is available if the Court requests it, to be filed under seal to protect my medical privacy.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 2, 2025

Fair Lawn, New Jersey

/s/ Israel Meir Farkash

Israel Meir Farkash

Petitioning Creditor Pro Se

9 Ramsey Terrace

Fair Lawn, New Jersey 07410

Telephone: (718) 669-1991

Email: israel@ifarkash.com

# CERTIFICATE OF SERVICE

I, Israel Meir Farkash, certify under penalty of perjury under 28 U.S.C. § 1746 that on November 2, 2025, I served copies of the Memorandum of Law in Response to Order to Show Cause, the Exhibit List, Exhibit A (Affidavit of Service for Laurels of Fallsburg LLC), Exhibit B (Affidavit of Service for 651 Lakes LLC), Exhibit D (Certified Mail Receipt), and the Declaration of Israel Meir Farkash, by first-class mail, on the following:

**Laurels of Fallsburg LLC**

c/o Joseph Mendelovich

68 Forest Road

Monroe, New York 10950

**651 Lakes LLC**

651 Lakes Road

Monroe, New York 10950

**Office of the United States Trustee**

Southern District of New York

201 Varick Street, Suite 1006

New York, New York 10014

**Sachem Capital Corp.**

c/o Matthew V. Spero, Esq.

Rivkin Radler LLP

926 RXR Plaza

Uniondale, New York 11556

Also served via Email: matthew.spero@rivkin.com

**Loan Funder LLC Series 54990**

c/o Doris Barkhordar, Esq.

Deutsch & Schneider, LLP

79-37 Myrtle Avenue

Glendale, New York 11385

Dated: November 2, 2025

Fair Lawn, New Jersey

Respectfully submitted,

/s/ Israel Meir Farkash

Israel Meir Farkash

Petitioning Creditor Pro Se

9 Ramsey Terrace

Fair Lawn, New Jersey 07410

Telephone: (718) 669-1991

Email: israel@ifarkash.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

**LAURELS OF FALLSBURG LLC,**

Case No. 25-35887 (KYP)
Alleged Debtor.

- and -

**651 LAKES LLC,**

Case No. 25-35891 (KYP)
Alleged Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# EXHIBIT A

Affidavit of Service
for Laurels of Fallsburg LLC

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

Case No. 4:25-bk-35887

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                    Chapter 7

**LAURELS OF FALLSBURG, LLC,**                **AFFIDAVIT OF SERVICE**

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK

COUNTY OF

Harry Segal, being duly sworn, deposes and states:

1. I am over the age of eighteen (18) years and not a party to this action. I am competent to make this affidavit based upon my personal knowledge.

2. On August 21, 2025, at approximately 11:40 a.m., I personally served a true and correct copy of the Summons and Involuntary Bankruptcy Petition in the above-captioned matter upon Joseph Mendelovich at 68 Forest Road, Monroe, NY 10950.

3. I know Joseph Mendelovich personally, and he confirmed to me that he is the owner of LAURELS OF FALLSBURG LLC and is authorized to accept service of legal papers on behalf of the Debtor.

4. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 22, 2025

Harry Segal

Sworn to before me this 22nd day of August, 2025.

Notary Public

JOSEPH ELIAS SAHADI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6345154
Qualified in Rockland County
Commission Expires July 18, 2028

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

**LAURELS OF FALLSBURG LLC,**

Case No. 25-35887 (KYP)
Alleged Debtor.

- and -

**651 LAKES LLC,**

Case No. 25-35891 (KYP)
Alleged Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


# EXHIBIT B


Affidavit of Service
for 651 Lakes LLC

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**                    Case No. 4:25-bk-35891

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

*In re:*                                             Chapter 7

**651 LAKES LLC,**                                   <u>**AFFIDAVIT OF SERVICE**</u>

*Debtor.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK

COUNTY OF

Harry Segal, being duly sworn, deposes and states:

1. I am over the age of eighteen (18) years and not a party to this action. I am competent to make this affidavit based upon my personal knowledge.

2. On August 22, 2025, at approximately 4:15 p.m., I personally served a true and correct copy of the Summons and Involuntary Bankruptcy Petition in the above-captioned matter at 651 Lakes Road, Monroe, NY 10950.

3. The individual served declined to provide their name. The person served was approximately 5'7" tall, approximately 180 pounds, with brown hair and beard, and was not wearing glasses. I left the documents with this individual at the above address.

4. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 22, 2025

*(signature)*

Harry Segal

Sworn to before me this 22nd day of August, 2025.

*(signature)*

Notary Public:

> JOSEPH ELIAS SAHADI
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01SA6345154
> Qualified in Rockland County
> Commission Expires July 18, 2028

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

**LAURELS OF FALLSBURG LLC,**

                           Case No. 25-35887 (KYP)
                                  Alleged Debtor.

- and -

**651 LAKES LLC,**

                           Case No. 25-35891 (KYP)
                                  Alleged Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# EXHIBIT D

Certified Mail Receipt



ISRAEL MEIR FARKASH
9 RAMSEY TERR
FAIRLAWN NJ 07410

9589 0710 5270 2515 3473 49

U.S. BANKRUPTCY COURT
S.D.N.Y.
355 MAIN ST.
POUGHKEEPSIE, NY 12601

USPS SIGNATURE® TRACKING #

9546 2156 2072 5260 4959 96

Retail
U.S. POSTAGE PAID
FCM LETTER
MONSEY, NY 10952
SEP 17, 2025
$27.73
RDC 99
0 Lb 0.70 Oz
12601
S2324K504575-12