**ISRAEL FARKASH**
9 Ramsey Terrace • Fair Lawn, New Jersey 07410-3327 • imfarkash@gmail.com

---

February 9, 2026

***VIA PRO SE ONLINE FILING AND EMAIL***

The Honorable Kyu Young Paek
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
355 Main Street
Poughkeepsie, New York 12601

**Re:** Emergency Application for Adjournment of February 10, 2026 Hearing
*In re Laurels of Fallsburg LLC*, Case No. 25-35887 (KYP)
*In re 651 Lakes LLC*, Case No. 25-35891 (KYP)
*In re Magicsoft Group, Inc.*, Case No. 25-35888 (KYP)
*Berlin v. Safken*, Adv. Pro. No. 25-09019 (KYP)
UST Motion for Sanctions (ECF Doc. No. 15)

Dear Judge Paek:

I, Israel Farkash, respectfully write to the Court on an emergency basis, appearing pro se, in response to the letter filed on ECF this evening by the United States Trustee (the "UST"), dated February 9, 2026 (the "UST Response"), opposing my request for an adjournment of the hearing on the UST's Motion for an Order Imposing Sanctions (the "Sanctions Motion"), scheduled for tomorrow, February 10, 2026, at 10:00 a.m. I respectfully request that the Court grant an adjournment of thirty-five (35) days to afford me a meaningful opportunity to review the Sanctions Motion and prepare a substantive opposition.

## I. THE UST HAS NOT PROVEN SERVICE WAS EFFECTUATED

The UST argues that service of the Sanctions Motion was "complete upon mailing" on January 14, 2026, citing Federal Rule of Bankruptcy Procedure 7004(b)(1) and the principle that service by mail does not require receipt. I do not dispute this legal principle in the abstract. What I dispute—and what the UST has wholly failed to establish—is that any mailing to me was ever actually made.

It is critical that the Court understand precisely what the UST's proof of service consists of—and what it does not. When the UST filed the Sanctions Motion on January 14, 2026, the only proof of service was a certification of service appended to the motion itself. That certification was not accompanied by any supporting documentation—no affidavit, no sworn statement from the individual who allegedly performed the mailing, and notably, no USPS receipt. The USPS counter receipt that the UST now relies upon was produced only in the UST's Response letter filed this evening, February 9, 2026—nearly four weeks after the Sanctions Motion was filed. This receipt was never attached to or filed with the original certification of service.

Even taking the certification of service at face value—and even giving any evidentiary weight to the belatedly produced USPS receipt—the UST's proof of service is clearly and unequivocally contradicted by the undisputed evidence attached to my application. Specifically, my USPS Informed Delivery® records (Exhibit A) constitute objective, government-generated evidence demonstrating that no mail from the UST, the Department of Justice, or the Bankruptcy Court was delivered or tendered for delivery to my address during the relevant period. This is not a bare denial of receipt. This is affirmative, documentary evidence from the United States Postal Service itself—the very agency through which the UST claims to have effectuated service—showing that no such mailing arrived.

As to the USPS receipt itself, it shows only the purchase of three first-class mail large envelopes on January 14, 2026, at the White Plains, New York post office, with destinations listed only as "Fair Lawn, NJ 07410," "South Fallsburg, NY 12779," and "Brooklyn, NY 11219." That is all it shows.

This receipt is not proof of service. It is proof that someone purchased postage. The receipt does not identify:

(a) The name of any addressee;

(b) The street address of any addressee;

(c) The contents of the envelopes;

(d) Whether the envelopes were actually deposited in the mail; or

(e) Whether the correct name and address appeared on the envelope directed to Fair Lawn, New Jersey.

The zip code "07410" encompasses the entire Borough of Fair Lawn, New Jersey. There are thousands of residential and commercial addresses within this zip code. The receipt does not establish that a single piece of mail was addressed to "Israel Farkash, 9 Ramsey Terrace, Fair Lawn, NJ 07410." For all the receipt proves, the envelope could have been addressed to any person at any address in Fair Lawn—or to no one at all. Indeed, nothing on the receipt even establishes that the purchased postage was ever affixed to an envelope containing the Sanctions Motion, or that any envelope was deposited into the mail stream rather than discarded.

The UST's own authorities undermine her position. In both *Securities and Exchange Commission v. Dumont Corp.*, 49 F.R.D. 342, 345 (S.D.N.Y. 1969), and *In re Safadi*, 431 B.R. 478, 482 (D. Ariz. 2010), the courts held that service by mail is complete upon *mailing*. But the predicate to that principle is proof that a mailing actually occurred—proof that the document was placed in a properly addressed envelope and deposited in the United States mail. A receipt showing the purchase of postage proves only that stamps were bought. It does not prove that anything was mailed, much less that the Sanctions Motion was mailed to me at my correct address.

In the Second Circuit, it is well established that a process server's affidavit of service—detailing the method of service, the address, and the documents served—is what creates a prima facie presumption of proper service. *See Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). Here, the UST filed only a bare certification of service with the Sanctions Motion on January 14, 2026—without any supporting affidavit from the individual who allegedly performed the mailing and without the USPS receipt that was produced for the first time

only this evening. This bare certification, unsupported by any contemporaneous documentation, cannot create a presumption of proper mailing—particularly when it is flatly contradicted by clear and undisputed evidence. The Informed Delivery records attached to my application (Exhibit A) are objective, government-generated records from the very postal system through which service allegedly occurred, and they establish that no such mailing was ever delivered or tendered for delivery to my address.

Furthermore, the Second Circuit has made clear that "[a] defendant's sworn denial of receipt of service … rebuts the presumption of proper service established by the [moving party's proof of mailing]." *Old Republic*, 301 F.3d at 57. Here, the evidence goes far beyond a mere denial of receipt. Even if the Court were to credit the UST's bare certification of service and belatedly produced postage receipt as creating some presumption, that presumption is clearly and decisively rebutted by the undisputed Informed Delivery records attached to my application, which constitute affirmative proof from USPS itself that no such mailing was ever delivered to my address. The UST has offered nothing to contradict this evidence. *See also Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005) (party asserting valid service bears the burden of proof when service is challenged).

## II. THE INFORMED DELIVERY RECORDS AFFIRMATIVELY DISPROVE SERVICE

While the UST's evidence of service is fatally deficient, I have submitted affirmative evidence demonstrating that the Sanctions Motion was never delivered to my address. I subscribe to the United States Postal Service's Informed Delivery® program, which provides daily scanned images of all incoming mail sorted through USPS automated processing equipment. I have reviewed my Informed Delivery records for the entire period from January 14, 2026 (the date the Sanctions Motion was filed) through January 26, 2026, and beyond. Those records contain no indication whatsoever that any correspondence from the Office of the United States Trustee, the Department of Justice, or the United States Bankruptcy Court was delivered or tendered for delivery to my address at 9 Ramsey Terrace, Fair Lawn, NJ 07410 during that period or at any time thereafter.

Thus, the record before this Court presents the following picture: on one hand, the UST offers a bare certification of service filed with the Sanctions Motion—unaccompanied by any supporting affidavit—and a USPS postage receipt produced for the first time nearly four weeks later in tonight's letter, which proves nothing more than the purchase of stamps. On the other hand, I have presented this Court with clear and undisputed evidence: the United States Postal Service's own Informed Delivery records (attached as Exhibit A to my application), which affirmatively establish that no such mailing was ever delivered or tendered for delivery to my address. The UST has not disputed, and cannot dispute, the authenticity or accuracy of these USPS records. The Court need not speculate as to what happened. Whether the envelope was never mailed, was mailed to a wrong address, or was lost in transit, the result is the same: I never received notice of the Sanctions Motion, and I first became aware of its existence only on the morning of February 9, 2026—the day before the hearing—when a colleague with a PACER account retrieved the filing at my request.

## III. DUE PROCESS REQUIRES AN ADJOURNMENT

The Sanctions Motion seeks the imposition of sanctions against me under the Court's inherent authority, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). But the Supreme Court in

*Chambers* itself emphasized that the exercise of inherent authority must be tempered by the requirements of due process: the court's inherent power must be "exercised with restraint and discretion," *id.* at 44, and the court must "comply with the mandates of due process," *id.* at 50. The Second Circuit has applied these principles squarely to bankruptcy proceedings, holding that a bankruptcy court's invocation of its inherent authority must "comply with the mandates of due process." *In re Markus*, 78 F.4th 554 (2d Cir. 2023). In *Markus*, the Second Circuit upheld sanctions only after finding the attorney had "sufficient notice of the conduct for which sanctions would be considered." *Id.* Here, I had no notice at all.

Moreover, the Second Circuit has made clear that "a district court may not impose attorney's fees as a sanction without first making an explicit finding that the sanctioned party … acted in bad faith in engaging in the sanctionable conduct." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012). Due process requires that the party facing sanctions "receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter." *Rothman v. Complete Packing & Shipping Supplies, Inc.*, No. 22-CV-2821, 2024 WL 4350433, at *3 (E.D.N.Y. Sept. 30, 2024). It is axiomatic that I cannot have received "specific notice" of a sanctions motion that was never delivered to me.

The fundamental due process requirement of notice is enshrined in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950): "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Furthermore, Federal Rule of Bankruptcy Procedure 9014(b) requires that motions in contested matters be served in accordance with Rule 7004. Published guidance from the United States Bankruptcy Court for the District of Oregon confirms that "a motion for sanctions" is among the documents specifically required to be served under Rule 7004. The reason is self-evident: sanctions carry severe consequences and demand strict procedural compliance.

I am not asking this Court to dismiss the Sanctions Motion. I am not asking for any ruling on the merits. I am asking only for what the Constitution guarantees: my day in court. I am entitled to receive proper notice of a motion that seeks sanctions against me, to review the motion and its supporting papers, and to prepare and file a considered opposition. I have been denied that opportunity through no fault of my own.

## IV. THE UST'S REFUSAL TO CONSENT RAISES SERIOUS CONCERNS

The UST's refusal to consent to a brief adjournment is itself revealing. The UST is fully aware that I am contesting service. Rather than ensuring that the respondent to a sanctions motion has actually received the motion and had a fair opportunity to respond, the UST retreats behind a postage receipt and a legal technicality. The UST's position is, in effect, that purchasing a stamp is the equivalent of mailing a document, and that mailing a document is the equivalent of the respondent receiving it—and that none of this matters so long as the hearing goes forward on schedule.

This approach is inconsistent with the UST's institutional obligation to ensure the fair administration of the bankruptcy system. The UST is not a private litigant seeking a tactical advantage. The UST represents the public interest. When a pro se respondent to a government-

initiated sanctions motion presents credible evidence that he never received the motion, the appropriate response is not to dig in behind a postage receipt. The appropriate response is to ensure that the respondent has notice and an opportunity to be heard—precisely the principles the UST is sworn to uphold.

**V. RELIEF REQUESTED**

In light of the foregoing, I respectfully request that the Court:

(a) Adjourn the hearing on the Sanctions Motion for a period of thirty-five (35) days;

(b) Direct the UST to effectuate proper service of the Sanctions Motion and all supporting papers upon me by a method that ensures actual delivery, including but not limited to certified mail, return receipt requested, or personal service;

(c) Establish a deadline for the filing of responsive papers of not less than thirty-five (35) days following the date upon which proper service is confirmed.

I am prepared to appear before the Court tomorrow to present this application. I assure the Court that my sole desire is to be afforded a fair and meaningful opportunity to be heard. I intend to file a full and substantive opposition to the Sanctions Motion on the merits once I have been properly served and afforded adequate time to prepare.

Nothing in this letter shall be construed as a waiver of any right, claim, defense, objection, or argument available to me in connection with the Sanctions Motion, the above-captioned proceedings, or any related matter. All such rights are expressly and fully reserved.

Respectfully submitted,

*/s/ Israel Farkash*
**ISRAEL FARKASH**
Pro Se
9 Ramsey Terrace
Fair Lawn, New Jersey 07410-3327
imfarkash@gmail.com

Dated: February 9, 2026

**cc:** Alicia M. Leonhard, Esq., Trial Attorney, Office of the United States Trustee